# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MARTINEZ,<br><br>            Plaintiff,<br><br>v.<br><br>STEPHEN DREW, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:11-cv-01377-LJO-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EITHER PAY FILING FEE OR FILE APPLICATION TO PROCEED IN FORMA PAUPERIS AND FOR FAILURE TO PROSECUTE<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

      On August 16, 2011, Plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983. On August 19, 2011, the Court mailed "prisoner new case documents" to Plaintiff. On August 22, 2011, the Court ordered Plaintiff to pay the $350.00 filing fee in full or file an application to proceed in forma pauperis within forty-five days. On August 29, 2011, the United States Postal Service returned the mail as undeliverable. The Court issued an order to submit a change of address within sixty days. On October 14, 2011, the Court issued an order to show cause why this action should not be dismissed for failure to obey a court order. Plaintiff has failed to update his address, pay the $350.00 filing fee in full or file an application to proceed in forma pauperis, or respond to the order to show cause.

      A civil action may not proceed absent the submission of either the filing fee or an application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. Because Plaintiff has submitted neither and has not responded to the Court's order to do so, dismissal of this action is appropriate. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110.

      Pursuant to Local Rule 183(b), a party appearing *in propria persona* is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d at 1226.

In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned mail. Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are no other reasonable alternatives available. *See Carey*, 856 F.2d at 1441.

Accordingly, it is hereby RECOMMENDED that this action be DISMISSED, without prejudice, based on Plaintiff's failure to pay the filing fee or file an application to proceed in forma pauperis and for failure to prosecute pursuant to Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    November 18, 2011

UNITED STATES MAGISTRATE JUDGE